DECISION GRANTING DEFENDANT'S MOTION TO DISMISS
This matter is before the court on Defendant's Motion to Dismiss (Motion) Plantiff's Complaint based on a lack of jurisdiction over the subject matter. In its Motion, Defendant asserts Plaintiff is not aggrieved because Plaintiff did not disagree with the action of the board of property tax appeals (BOPTA). Defendant subsequently revised (or clarified) its rationale for the Motion as explained below. For ease of reference, the parties will be referred to as the assessor and taxpayer.
An initial hearing on the Motion was held June 2, 2010. The assessor then submitted a brief written response July 19, 2010, disagreeing with taxpayer's Motion. Taxpayer filed a status report (Report) that same day reasserting its request for dismissal for lack of aggrievement. Further argument was heard August 16, 2010. David Carmichael, Attorney at Law, appeared and argued the case for taxpayer. The assessor was represented by David Sohm, an appraiser with the Lane County Assessor's office. After considering the matter, the court concludes the Motion should be granted. The rationale for the court's ruling appears below.
The essential facts are as follows. The property at issue is identified in the assessor's records as Account 1644150. The tax year at issue is 2009-10. Taxpayer filed a petition with BOPTA for the year at issue and BOPTA reduced the values of the subject property based on a *Page 2 
recommendation by the assessor. (Ptf's Compl at 3.) The assessor subsequently appealed that reduction to this court, seeking an increase in real market value (RMV) to a point approximately midway between its original value determination and the lesser value ordered by BOPTA.
In support of its Motion, taxpayer notes that during the BOPTA hearing the assessor's representative at that proceeding, Bill Weeks (Weeks), agreed that the subject property was 75 percent complete, that a vacancy and collection loss of 20 percent was realistic, and that the effective gross income should be reduced from $536,190 to $476,614. (Def's Report at 3-4.) The written record of the BOPTA hearing, submitted by taxpayer in support of its Motion, indicates that the assessor was relying on comparable sales ("comps"). (Id.) After allowing for appropriate expenses, Weeks calculated a RMV of $2,670,680. (Id. at 1.) Based on those adjustments, Weeks recommended a reduction in the subject property's RMV to $2,670,680 — a recommendation adopted by BOPTA. In its written determination, BOPTA ordered that the land RMV remain unchanged at $787,590, and that the improvement RMV be reduced by $997,630, from $2,880,720 to $1,883,090. (Id. at 3.) All of the improvement RMV was new construction. BOPTA therefore reduced the "Exception" RMV by the same amount ($997,630). After application of the applicable change property ratio (CPR), BOPTA ordered a reduction in the assessed value (AV) from $1,755,020 to $1,249,122. (Id.)
The assessor appealed BOPTA's order to this court, requesting an increase in the RMV to $3,004,520. (Ptf's Compl at 1.) That number is less than the $3,668,310 value originally found by the assessor but more than the BOPTA-ordered reduction in RMV to $2,670,680.
Taxpayer urges the court to grant its Motion based on an earlier decision of this court in Lane County Assessor v. Berkman, TC-MD No 070313C (July 20, 2007). The facts in Berkman are nearly identical to those in this case. The taxpayers inBerkman petitioned BOPTA for a *Page 3 
reduction in RMV based on their analysis of comparable sales and "[t]he assessor responded by recommending that [BOPTA] reduce the value based on comparable sales." Id. at 1. BOPTA ordered a reduction in value based on the assessor's recommendation. The court noted that under ORS 305.275(1)(a)[1], the appealing party must be "aggrieved." Id. at 2. The court then determined that the assessor was not aggrieved "because [BOPTA] acted in accordance with its recommendation, issuing an order reflecting exactly the values [the assessor] recommended." Id. The court further stated that "[t]here was no act or omission by [BOPTA] contrary to [the assessor's] request." Id. That is exactly the situation in the present case. Moreover, in Berkman, as in the present case, the assessor asserted that it had new information suggesting a higher value was in order. The court rejected that position.
Taxpayer is correct in its assertion that Berkman and the present case are distinguishable from Lane County Assessor v.Witty, TC-MD No 100130C (July 29, 2010) because in Witty the assessor opted not to disagree with the taxpayers' value reduction request at the BOPTA hearing. Here, as in Berkman, the assessor affirmatively acted by requesting a reduction in value and BOPTA accepted the assessor's recommendation. Because BOPTA accepted the assessor's recommended value reduction, the assessor is not aggrieved by an act, order, or determination of BOPTA as required by ORS 305.275(1)(a). Therefore, the court lacks jurisdiction to hear the appeal.
After considering the matter, the court finds that Defendant's Motion to Dismiss should be granted. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
IT IS FURTHER DECIDED that Plaintiff Lane County Assessor shall adjust the assessment and tax rolls consistent with the court's decision herein based on the reduced value as ordered by BOPTA in its order of February 9, 2010.
Dated this ___ day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 11, 2010. The Court filed and entered this documenton October 11, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.